

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TREMAIN E. TYLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1619** |
| **KINDRED HOSPITAL NEW ORLEANS, ET AL.** | **SECTION "K"(5)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 3) filed by Tremain Tyler ("Tyler"). Tyler contends that this matter was improperly removed from Civil District Court for the Parish of Orleans. Having reviewed the pleadings, memoranda, exhibits and the relevant law, the Court finds merit in the motion.

### Background

The gravamen of the petition concerns the alleged sexual harassment encountered by Tyler, a driver for Kindred Hospital's patients, and his termination arising out of his reporting of alleged harassment by David Boyd. Plaintiff was terminated on June 15, 2004 and filed a charge of discrimination with the Louisiana Commission on Human Rights on June 17, 2004. On June 29, 2004, a notice of suit rights was mailed to plaintiff.

```
___ Fee_____
___ Process_____
 X  Dktd_____
 ✓  CtRmDep_____
___ Doc. No._____
```

This employment discrimination suit was initially filed in the Civil District Court for the Parish of Orleans on September 28, 2004 in proper person by Tyler against Kindred Hospital New Orleans, Kindred Rehab Services, Inc., Kindred Hospital Pharmacy Services, Inc., Kindred Nursing Centers East L.L.C. and David Boyd.  The petition was served on Kindred Hospital Pharmacy Services Inc. on April 1, 2005, and removed by Transitional Hospitals Corporation of Louisiana, Inc. (incorrectly named in the petition as Kindred Hospital New Orleans, Kindred Rehab Services, Inc., Kindred Hospital Pharmacy Services, Inc., Kindred Nursing Centers East L.L.C.) ("Transitional") and David Boyd on April 29, 2005.

Transitional and Boyd removed this case based on their contention that this matter is one over which the district courts of the United States have original federal question jurisdiction, 28 U.S.C. § 1331, as plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*.  Defendants contend that plaintiff seeks, *inter alia,* relief arising out of his alleged retaliatory discharge which cause of action defendants argue is not cognizable under Louisiana state law.  Defendants base their removal on paragraph 5 of the Petition which states, "Defendants are liable, individually, jointly severally, and in solido, to your petitioners (sic) herein for wrongful and/or retaliatory termination of employment, sexual harassment and in other respects arising out of the facts alleged herein, . . . ."  In addition, at paragraph 12, petitioner states, "Plaintiffs (sic) further pray for recovery of all attorneys fees incurred in connection with the investigation and prosecution of this claim in accordance with applicable state and federal laws."

Tyler has moved to remand this matter contending that his claims are made strictly under state law and as such, there is no federal question jurisdiction; furthermore, there is no diversity jurisdiction present as well. Plaintiff's counsel further contends that no Equal Employment Opportunity Commission ("EEOC") claim was filed which is not entirely correct as a claim was made through the Louisiana Commission on Human Rights to the EEOC.[1] (Exhibit 1 to Defendants' Opposition to Plaintiff's Motion to Remand). Furthermore, plaintiff argues that he has stated a state cause of action against Boyd personally, as well as against plaintiff's employer, which he contends is recognized under section 2256 of the Louisiana Commission on Human Rights Act ("LCHRA"). In addition Tyler contends that the mention made of federal law in paragraph 12 was with respect to attorneys' fees which state courts examine in that context.

**Analysis**

**Removal and the Properly Pleaded Complaint Rule**

As stated by the United States Court of Appeals for the Fifth Circuit in *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001), "Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* at 916; *Manguno v. Prudential*

---

[1] Defendants incorrectly argue that this filing is only sufficient to trigger relief under Title VII and does not meet the notice requirements under La. R.S. 23:303. This contention has been rejected by various courts holding that filing a charge with the EEOC within the appropriate time period effectively accomplishes the same goals as the statutory notice provision of state law. *Legania v. East Jefferson General Hosp. Dist.*, 2003 WL 21277127 (E.D.La. May 29, 2003).

*Property and Cas. Ins.* Co., 276 F.3d 720, 723 (5th Cir. 2002); *Addison v. Grillot Land& Marine, L.L.C.*, 2002 WL 1298761 (E.D.La. June 10, 2002). As noted in *Addison*:

> The burden is a heavy one. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.* 99 F.3d 746, 751 (5th Cir. 1996). Because it raises federalism concerns, removal jurisdiction is "strictly constru[ed]." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1162 (5th Cir. 1988), *aff'd* 503 U.S. 131 (1992). **Any ambiguities in the state court petition "are construed against removal,"** *Manguno*, **276 F.3d at 723, and all "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."** *Acuna v. Brown & Root, Inc.*, **200 F.3d 335, 339 (5th Cir.),** *cert. denied*, **5320 U.S. 1229 (2000).**

*Id.* at *1 (emphasis added).

In addition, a plaintiff is considered the master of his complaint. When he has a choice between federal and state law claims, he may proceed in state court on the exclusive basis of state law defeating defendant's opportunity to remove the matter. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). This "well-pleaded complaint" rule thus requires a defendant to show "that a federal right is an essential element of the plaintiff's cause of action." *Id.* If a federal right is not an essential element, then there is no support for removal based on federal question jurisdiction.

### LCHRA and Retaliation Claim in the Employment Context

In the instant matter, defendant maintains that because Tyler seeks redress for his alleged retaliatory discharge and the provisions prohibiting employment discrimination as they are now found in La. R.S. 23:301 *et seq.* do not contain a provision for relief for retaliation in the employment context, then a federal right is an essential element of his cause of action and

4

removal is proper. However, it is not clear that the Louisiana law as it now stands prohibits a retaliation claim.

The statutory history of the relevant statutes has been clearly explained in *Smith v. Parish of Washington*, 318 F.Supp.2d 366 (E.D.La. 2004) (Fallon, J.):

> In 1988, the Louisiana legislature enacted the Louisiana Human Rights Act (the "Act") and created the Louisiana Commission on Human Rights (the "Commission") to enforce the Act. La. R.S. § 51:2231, *et seq.* (2003). As part of its original charge, the Commission was granted statutory authority to address allegations of unlawful discriminatory practices in employment. *See* La. R.S. §§ 51:2242-2245 (*repealed* by Acts 1997 No. 1409, §, effective August 1, 1997). The legislature also included a broad anti-retaliation provision in the Act, making it unlawful,
>> to retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this Chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this Chapter.
>
> § 51:2256.
> However, in 1997, the Louisiana legislature sought to create a new piece of legislation that would consolidate all of the state's employment discrimination law into one, comprehensive chapter. La. R. S. § 23:301, historical and statutory notes. Thus, pursuant to Acts 1997 No. 1490, §§ 51:2242-2245 were repealed and replaced by the new Louisiana Employment Discrimination Law. La. R.S. § 23:301, *et seq.*

*Id.* at 371.

In *Smith*, Judge Fallon confronted the issue as to whether the anti-retaliation provision set forth in § 51:2256 continues to apply to employment discrimination after the 1997 revisions. As discussed in *Miller v. Am. Gen. Fin. Corp.*, 2002 WL 2022536 (E.D.La. 2002)(Shushan, Mag.), the legislature, while repealing the substantive sections dealing with employment discrimination, added the following two definitions to the Human Rights Act as part of the 1997 amendments:

> §2232. Definitions
> As used in this Chapter. . . .
> (12) "Discriminatory practice in connection with employment" means an employment practice prohibited by R.S. 23:312, 323, or 332.
> (13) "Unlawful practice" means a discriminatory practice in connection with employment, a discriminatory practice in connection with public accommodations, or any other practice prohibited by this Chapter.

La. R.S. § 2232(12) and (13).

> In *Miller*, Magistrate Judge Shushan explained:
>
> The Louisiana legislature was aware of Title VII's language when it removed the employment discrimination provision from the LCHRA and consolidated them under Chapter 3-A of Title 23, and it chose not to include a limited anti-retaliation provision under the employment discrimination chapter paralleling the Title VII provision. *See* 1997 La. Sess. Law Serv. Act 1409 (West); *see also King v. Phelps Dunbar, L.L.P.* 743 So.2d 181, 185 (La. 1999). Indeed the anti-retaliation provision remain in the LCHRA only. Further the definition section of the LCHRA still defines an "unlawful practice" as "a discriminatory practice in connection with employment." La. Rev. Sta. Ann. §§ 51:2232(13), 2256(1). Therefore, the Court finds that the ani-retaliation statute applies to the employment discrimination context. Moreover, the Court finds that because section 51:2256 refers to a "person" or "persons," not "employers," the limitation on liability to employers under the Louisiana and federal anti-discrimination statutes does not apply to the anti retaliation provision of the LCHRA. Thus a claim can be made against persons who are not the plaintiff's employer.

*Id.* at *7.

Judge Fallon rejected this reasoning and found that because in the new employment discrimination law found in Title 23 specifically included anti-retaliation provisions in the sections addressing age and sickle-cell trait discrimination and did not include an anti-retaliation provision in the other sections, there was insufficient support for the conclusion that the anti-retaliation provisions in Title 51 were still applicable in the employment discrimination context. He stated:

> There is no evidence to support the contention that the legislature intended §51:2256 to apply to some sections of the new Employment Discrimination law and not to others, simply by virtue of the fact that some sections do not contain anti-retaliation provisions. On the contrary, the fact that some sections do contain such provisions indicates that the legislature intended not to include similar provision s in the other sections. This interpretation is buttressed by the fact that the sections specifically addressing employment discrimination in the Human Rights Act were repealed. **And inclusion of definitions pertaining to employment discrimination in a statute in which substantive employment discrimination provisions were repealed does not create causes of action; it simply creates confusion.**

*Smith*, 318 F. Supp. 2d at 373. This analysis has indeed been adopted by a number of other federal district courts, *see LaCaze v. W.W. Grainger, Inc.*, 2005 WL 1629936 (W.D.La. 2005); *Cristia v. Systems Engineering and Security, Inc.*, 2004 WL 1801326 (E.D.La. 2005), and Court of Appeal of Louisiana for the Third Circuit, based primarily on the *Smith* court's analysis, *see Lowry v. Dresser, Inc.*, 893 So. 2d 966 (la. App. 3rd Cir. 2005).

Oddly, the *Lowry* case was one which had been remanded to state court precisely because of the confusion in this area. *See Dresser, Inc. v. Lowry*, 320 F. Supp. 2d 486, 490-492 (W.D.La. 2004) *citing, inter alia*, Gerald J. "Jerry" Huffman, Jr., *the New Louisiana Employment Statutes: What Hath the Legislature Wrought*, 58 La. L. Rev. 1033, 1034 (1998). In *Lowry,* Louisiana employees had been included in a suit against Dresser destroying diversity jurisdiction. Dresser removed claiming fraudulent joinder (now referred to as improper joinder). Finding that in light of the ambiguities discussed above, that court found that it was unable to say that Mr. Lowry had no possibility of recovery under Louisiana law. *Id.* at 492. Noting that the rules of statutory construction applied by Louisiana courts do not favor implied repeals (which this Court would

have to do if it ignored the still extant provisions in LCHRA), the federal court in *Lowry* remanded the matter to state court.

In the same vein, this Court is unwilling to find as a matter of law, that there is no possibility of recovery under Louisiana law for retaliation. The Louisiana Supreme Court has not addressed this issue, and only one state appellate court has found the *Smith* analysis compelling. This Court cannot say with sufficient conviction that a state court in Louisiana would not find that remedy available such that defendants here have demonstrated that a federal right is an essential element of the plaintiff's cause of action. The fact that LCHRA definitions were enacted referencing Title 23 at the same time that the Louisiana Employment Discrimination Act was created results in an arguable basis for recovery and that this Court is unwilling to find foreclosed in this context.

### Passing Mention of "Federal" Law in Attorney Fee Relief

Finally, as noted, defendants contend that the mention of federal law with relation to the award of attorneys' fees further supports federal question jurisdiction. However, this argument is based primarily on the premise that the retaliation claim only exists under federal law, which premise this Court has rejected. Furthermore, the simple mention of the "federal law" in the context of attorneys' fees simply is not enough to create federal question jurisdiction. A petition is to be construed against removal; this passing mention is not sufficient to confer jurisdiction on this Court. *Addison v. Grillot Land & Marine, L.L.C.*, 2002 WL 1298751, *2 (E.D.La. June 10, 2002). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 3) is **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

Houma, Louisiana, this _4th_ day of October, 2005.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE